# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1727V
UNPUBLISHED

| | |
|---|---|
| RAMONA MIRANDA BAEZ,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: June 18, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Michael Adly Baseluos*, Baseluos Law Firm, San Antonio, TX, for petitioner.

*Mollie Danielle Gorney*, U.S. Department of Justice, Washington, DC, for respondent.

### **DECISION AWARDING DAMAGES**[1]

On November 7, 2018, Ramona Miranda Baez filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as the result of an influenza vaccination she received on December 29, 2017. Petition at 1. Petitioner further alleges that she experienced the residual effects of her SIRVA for more than six months. Petition at 1, 5. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 15, 2019, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. On June 15, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

$120,000.00 for pain and suffering, $27,286.50 for past lost earnings, and $121,664.74 for past, unreimbursed medical expenses. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a combination of lump sum payments described below:**

**A. A lump sum payment of $147,286.50, representing pain and suffering and past lost earnings, in the form of a check payable to Petitioner.**

**B. A lump sum payment of $1,980.00, representing compensation for past unreimbursed vaccine injury-related expenses, in the form of a check payable jointly to Petitioner and:**
   **Emory Rehabilitation Outpatient Center**
   **P.O. Box 82491**
   **Philadelphia, Pennsylvania 19182**
**Petitioner has agreed to endorse this check to Emory Rehabilitation Outpatient Center.**

**C. A lump sum payment of $119,684.74, representing compensation for past unreimbursed vaccine injury-related expenses, in the form of a check payable jointly to Petitioner and:**
   **Grady Health System**
   **P.O. Box 934958**
   **Atlanta, Georgia 31193**
**Petitioner has agreed to endorse this check to Grady Health System.**

These amounts represent compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |
|---|---|
| RAMONDA MIRANDA BAEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 18-1727V |
| v. ) | Chief Special Master Corcoran |
| ) | ECF |
| SECRETARY OF HEALTH AND HUMAN ) | |
| SERVICES, ) | |
| ) | |
| Respondent. ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On November 12, 2019, respondent filed a Vaccine Rule 4(c) report concluding that petitioner sustained an injury that is compensable under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§ 300aa-10 to -34, that is, a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table. Accordingly, on November 15, 2019, the Chief Special Master issued a Ruling on Entitlement.

**I.    Items of Compensation**

A. Pain and Suffering

Based upon the evidence of record, respondent proffers that petitioner should be awarded $120,000.00 for pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B. Lost Earnings

Based upon the evidence of record, respondent proffers that petitioner should be awarded $27,286.50 for past lost earnings as provided under 42 U.S.C. § 300aa-15(a)(3)(A). Petitioner agrees.

C. Past Unreimbursed Medical Expenses

Evidence supplied by petitioner documents past unreimbursed expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded $121,664.74 for past, unreimbursed medical expenses.[1]  *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

II.  **Form of the Award**

The parties recommend that compensation provided to petitioner should be made through a combination of lump sum payments described below, and request that the special master's decision and the Court's judgment award the following:

A. A lump sum payment of **$147,286.50**, representing pain and suffering and past lost earnings, in the form of a check payable to petitioner.[2]

B.  A lump sum payment of **$1,980.00**, representing compensation for past unreimbursed vaccine injury-related expenses, in the form of a check payable jointly to petitioner and:

Emory Rehabilitation Outpatient Center
P.O. Box 824291
Philadelphia, Pennsylvania 19182

Petitioner agrees to endorse this check to Emory Rehabilitation Outpatient Center.

---

[1] Amounts for past, unreimbursed medical expenses will be made jointly payable to petitioner and to the providers, as set forth below.

[2] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

C. A lump sum payment of **$119,684.74**, representing compensation for past unreimbursed vaccine injury-related expenses, in the form of a check payable jointly to petitioner and:

> Grady Health System
> P.O. Box 934958
> Atlanta, Georgia 31193

Petitioner agrees to endorse this check to Grady Health System.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

        Respectfully submitted,

        JOSEPH H. HUNT
        Assistant Attorney General

        C. SALVATORE D'ALESSIO
        Acting Director
        Torts Branch, Civil Division

        CATHARINE E. REEVES
        Deputy Director
        Torts Branch, Civil Division

        GABRIELLE M. FIELDING
        Assistant Director
        Torts Branch, Civil Division

        /s/ Mollie D. Gorney
        Mollie D. Gorney
        Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146
        Benjamin Franklin Station
        Washington D.C. 20044-0146
        (202) 616- 4029
        mollie.d.gorney@usdoj.gov

Dated: June 15, 2020